UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-21008
_____


PENNSYLVANIA GENERAL INSURANCE COMPANY,

                    Plaintiff-Counter Defendant-Appellee,

                    versus

A.G. PERRY & SON, INC., Et Al.,

                    Defendants,

                    versus

RICK HUCKABY; JERI BOYD,

                    Defendants-Counter Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
H-97-CV-3839
_____
July 3, 2000

Before JONES and BENAVIDES, Circuit Judges, and COBB,[*] District
Judge.

PER CURIAM:[**]

        This appeal presents issues arising out of a fatal traffic

_____

        [*] District Judge of the Eastern District of Texas, sitting by
designation.

        [**] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

accident that occurred on November 14, 1996. Lester Lamon, driving a tractor/trailer rig which was then covered under a general insurance policy issued by Pennsylvania General Insurance Company (PGI) to A.G. Perry & Son, Inc. (P & S), the truck's owner, was attempting to complete a turn on U.S. Highway 59, in Texas. Before he could complete the turn into a crossover on the highway, two vehicles, one passenger car and one van, struck the trailer which was then blocking the southbound lanes of traffic. A third vehicle narrowly avoided the collision and instead struck several highway signs. The driver who hit the signs suffered minor injuries; the driver of the van suffered various injuries but survived the accident; the driver and the passenger of the third vehicle, Donovan Johnson and Joshua Huckaby respectively, were killed in the collision.

The insurance policy issued by PGI provided coverage up to $1,000,000 per "accident" for the term from August 1, 1996, to August 1, 1997. An "accident" under the terms of the policy is defined as "bodily injury and property damage resulting from continuous or repeated exposure to substantially the same conditions." Additionally, the policy contained an MPC-90 endorsement (referred to by the parties variously as a BMC-90 endorsement or a MCS-90 endorsement). This endorsement, as required by federal law, provides coverage to any final judgment recovered against P & S, regardless of whether the vehicle specifically involved in the accident was named in the policy. PGI, then, under the terms of the endorsement, is entitled to

2

recover from P & S reimbursement for any payments made in accordance with the endorsement that were not otherwise payable under the terms of the policy.

This appeal concerns matters stemming from a lawsuit filed in state court by Joshua's parents, Rick Huckaby and Jeri Boyd, against Lamon and P & S which alleged Lamon to be at fault for Joshua's death. Donovan's parents also filed suit as did the driver of the van, Louis Wyrick. In response to this suit, PGI filed an action for declaratory judgment, in federal court, seeking to have the district court construe under federal law several provisions of the insurance contract now at issue. Specifically, PGI sought a determination that the claims of the respective defendants arose from but one accident and that its potential liability on those claims exceeded policy limits. PGI thus sought declaration that despite this potential liability, its maximum exposure under the insurance contract was the policy limit of $1,000,000. Huckaby and Boyd, in response, filed a counter-claim in district court seeking a declaration that PGI would be responsible, under the terms of the endorsement, for any final judgment against P & S.

The parties subsequently entered into settlement negotiations which later resulted in all parties, except Huckaby and Boyd, settling their claims for a total of $1,056,687.94. Huckaby and Boyd refused to participate in the settlement.

PGI then moved for summary judgment in the district court as to its declaratory action and with respect to Huckaby and Boyd's

3

counterclaim. The district court granted that motion and entered final summary judgment for PGI on September 30, 1999.

Huckaby and Boyd now complain that the district court erred in finding, as stated in its Memorandum Opinion and Order of the same date, that the incident of November 14, 1996, constitutes one accident or occurrence under the terms of the policy, thus the $1,000,000 policy limit applies to any and all claims arising out of that accident; and, further, that the district court erred in finding that the plain terms of the endorsement, when read in conjunction with the policy, mandates its application to the facts of this accident but presents no ambiguity where it states that it applies "within the limits of liability prescribed herein." Huckaby and Boyd maintain that error lies in the district court's conclusion, reasoned from these findings, that the endorsement is subject to the limits of the policy itself, and, as P & S had exhausted the policy limit by settling the various other claims against it, PGI has no further duty to defend or indemnify P & S against any claims arising from the November 14, 1996 accident.

This appeal presents no material factual disputes. Rather, Huckaby and Boyd dispute the district court's application of the relevant law to the facts of the case. Our careful review of the briefs and the applicable law, however, convinces us that the district court did not err in concluding that P & S had exhausted the limits of its insurance policy with respect to this accident, thus relieving PGI of any further duties. Therefore, for essentially the reasons stated by the district court in its

4

carefully reasoned Memorandum Opinion and Order entered September 30, 1999, we AFFIRM the judgment of the district court in all respects.

AFFIRMED.